# FINAZZO COSSOLINI O'LEARY
# MEOLA & HAGER, LLC

Counselors at Law

**Edward T. Hagan, Esq.**
Edward.Hagan@Finazzolaw.com
Direct Dial: (973) 343-4983

67 East Park Place, Suite 901
Morristown, NJ 07960
Main (973) 343-4960
Fax (973) 343-4970
www.finazzolaw.com

Floor

New York Office
5 Penn Plaza, 23rd

New York, NY 10001
Main (646) 378-2033
Fax (646) 378-2001

March 18, 2021

**Via ECF**
Honorable Andrew E. Krause, U.S.M.J.
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

    **Re:** **John Kalogiannis, individually and as principal of Deval Inc., d/b/a The Thruway Deli v. The Hanover Insurance Group, Inc.**
          **Civil Action No.: 7:20-cv-11089-PMH**

Dear Judge Krause:

    This firm represents Defendant Hanover Insurance Company (improperly pled as The Hanover Insurance Group, Inc., and hereinafter referred to as "Hanover") in the above-referenced matter. We write to provide an update to the Court regarding the status of this matter and to request an adjournment of the Settlement Conference currently scheduled for Monday, March 22, 2021. Plaintiff does not consent to the requested adjournment, but, for the reasons set forth below, Hanover believes it is the appropriate course of action.

    Since the parties were last before the Court on this matter, Hanover has served its initial Rule 26 Disclosure Statement and the documents referenced therein. Additionally, Hanover has served Plaintiff with its First Set of Interrogatories and First Request for the Production of Documents. To date, Hanover has not received any written discovery or documents from Plaintiff. Specifically, Plaintiff has not yet served its Rule 26 Disclosure Statement or documents. Plaintiff's counsel has represented that he will produce certain documents by end of day today, though, Hanover is not in possession of same as of this writing.

    During the Initial Rule 16 Conference, the parties agreed to engage in settlement discussions in an attempt to reach an amicable resolution in this matter. Hanover cautioned that it would only do so after the parties had the opportunity to exchange paper discovery. As of this

Honorable Andrew E. Krause, U.S.M.J.
March 18, 2021
Page **2** of **2**

writing, that has not occurred. As a consequence, Hanover is in no better position to discuss settlement than it was at the last conference.

Given these circumstances, Hanover believes it would not be productive to conduct the Settlement Conference as scheduled. Without discovery having been exchanged, Hanover cannot properly assess the claims and defenses in this matter or meaningfully respond to a settlement demand. Even if Plaintiff produces the documents this afternoon, Hanover will not be in a position to meaningfully discuss settlement at the Settlement Conference as scheduled. For these reasons, Hanover requests that the Settlement Conference be adjourned to a date and time after the parties have had the opportunity to exchange and review discovery so that the settlement conference can be meaningful and productive. There have been no previous requests for an adjournment of the Settlement Conference.

We thank Your Honor for consideration of this matter.

Respectfully submitted,

*/s/ Edward T. Hagan*

EDWARD T. HAGAN

ETH:jls

cc: Joseph E. Ruyack, III, Esq. (via ECF)

---

Defendant's letter motion to adjourn the March 22, 2021 settlement conference (ECF No. 12) is GRANTED, and the conference is hereby rescheduled to April 21, 2021 at 2:15 p.m. The parties are directed to use the same teleconference information set forth in ECF No. 11, and the parties are reminded that the pre-conference submission requirements set forth in ECF No. 11 remain in effect. Plaintiff, who already provided his pre-conference letter, does not need to re-send the letter to the Court, but may supplement the letter if any new information becomes available between now and the April conference date. Plaintiff's opposition to the adjournment request (ECF No. 13) makes reasonable points; indeed, one major benefit of a settlement conference early in the case is to potentially avoid additional time and expense of discovery, and defendant should make the greatest possible use of materials already in its possession to evaluate this case. That said, if defendant truly requires additional information to properly assess its settlement position, it does not make sense to proceed with the settlement conference until defendant has that information. Accordingly, the conference is being adjourned so that the parties can have further discussions about key documents, in the hope that this will make the actual settlement conference as efficient and productive as possible.
Dated: March 19, 2021

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge