# FINAZZO CO
## MEOLA

**Edward T. Hagan, Esq.**
Edward.Hagan@Finazzolaw.com
Direct Dial: (973) 343-4983

> Request for pre-motion conference granted. The Court shall hold a telephonic pre-motion conference on December 20, 2021 at 3:00 p.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831.
>
> Plaintiff is directed to file a response to this letter by December 15, 2021.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 23.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> October 28, 2021

<u>Via ECF</u>
Honorable Philip M. Halpern, U.S.D.J.
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

Re: **John Kalogiannis, individually and as principal of Deval Inc., d/b/a The Thruway Deli v. The Hanover Insurance Group, Inc.**
**Civil Action No.: 7:20-cv-11089-PMH**

Dear Judge Halpern:

As you know, this Firm represents Defendant, Hanover Insurance Company (improperly pled as The Hanover Insurance Group, Inc., and hereinafter referred to as "Hanover") in the above-referenced matter. Hanover intended to submit a joint letter in accordance with Your Honor's Individual Practices and Local Rule 37.2, but Plaintiff refused to provide its position or otherwise consent to its filing. *See* Ex. A. As a consequence, in an effort to expeditiously resolve the outstanding disputes and move forward with the remaining fact discovery, Hanover respectfully requests a conference with the Court regarding ongoing discovery disputes between the parties and Plaintiff's failure to participate in fact discovery in good faith.

As you will recall, this matter involves a first-party insurance claim arising out of a fire loss to an insured premises that was leased by Plaintiff and operated as a deli. The parties sought

Honorable Philip M. Halper, U.S.D.J.
October 18, 2021
Page **2** of **5**

a second extension of the existing discovery deadlines by joint letter dated September 16, 2021. As discussed therein, the parties remain near completion of written discovery and hope to begin the process of scheduling depositions in the near term. However, there are several outstanding discovery disputes regarding Plaintiff's discovery responses which we have been unable to resolve despite our best efforts and that prevent the parties from moving forward with the remaining factual discovery.

Hanover has made numerous unsuccessful attempts to correspond with Plaintiff regarding the deficiencies in Plaintiff's written responses and document production in an effort to avoid the necessity of the Court's intervention, the most substantive being discovery deficiency letters dated April 19, June 23 and July 8, 2021, which are attached hereto. *See* Ex. B. Hanover reiterated these disputes and the need to resolve them through a number of follow up emails and telephone calls. Despite these efforts, to date, Plaintiff has failed to provide a substantive response.

The form and substance of the parties' disputes is, in essence, that Plaintiff has failed to properly identify relevant witnesses and make a complete production of documents that are responsive to Hanover's discovery demands.

For example, Plaintiff contends that while some of the property that is the subject of the underlying claim in this matter was acquired by way of the purchase agreement between Plaintiff and the deli business' prior owner, the remainder of the claimed damage was to property purchased or installed by Plaintiff after it purchased the deli. Hanover has made several requests for Plaintiff to produce various categories of documents and information relating to these improvements and betterments. This would include, but not be limited to, any communications by or between Plaintiff and any other person or entity regarding the purchase, installation or maintenance of any of the property included in Plaintiff's damage estimate. These requests would also encompass any

Honorable Philip M. Halper, U.S.D.J.
October 18, 2021
Page **3** of **5**

quotes, proposals, contracts or other agreements, invoices, payment verifications or any other documents relating to the claimed improvements and betterments, including, but not limited to, the HVAC system that Plaintiff claims was installed at the subject property. To date, Plaintiff has failed to produce any documents responsive to these requests or confirm that it has conducted an appropriate search of its records and found no such documents exist.

Additionally, a number of requests in Hanover's First Request for the Production of Documents requested that Plaintiff produce "Documents and Communications" relating to various topics, or by and between certain individuals or entities. The Definitions and Instructions section of Hanover's document demands define "Document," in relevant part, as "any written, graphic, or recorded matter whatever the means of preserving thought or expression, however produced or reproduced," and "Communication" as any "oral statement, dialogue, colloquy, discussion or conversation and includes any recording or transfer of data or spoken word by electronic or other means." Plaintiff responded to several of those requests by stating that it is not in possession of any physical documents, but, rather, communicated by email. Nevertheless, Plaintiff failed to produce any responsive emails or set forth why they were not subject to production. Hanover requested that Plaintiff supplement its responses and/or its document production, but, to date, Plaintiff has failed to do so.

In fact, Plaintiff had not even substantively acknowledged Hanover's repeated requests for a supplemental production until opposing counsel's email of October 13, where he takes the position that "what [Hanover] is asking for does not exist in [his or his client's] possession" and refers to Hanover's discovery requests as "nonsensical." *See* Ex. A. Indeed, this representation is in direct conflict with Plaintiff's own responses to Hanover's discovery requests. Moreover, Hanover recently received a response to a document subpoena issued to the landlord of the subject

Honorable Philip M. Halper, U.S.D.J.
October 18, 2021
Page **4** of **5**

property which contained an email between Plaintiff's counsel and the landlord regarding the terms of the lease that was allegedly in place at the time of the fire – a matter that has been identified as a critical issue in this lawsuit. This shows, in no uncertain terms, that Plaintiff has failed to conduct a proper search of its records for documents that are responsive to Hanover's discovery requests.

Moreover, in its First Set of Interrogatories to Plaintiff, Hanover asked Plaintiff to identify individuals with relevant information and set forth the nature and extent of the knowledge they possess. Plaintiff's responses were incomplete for several independent reasons. First, to the extent Plaintiff did in fact identify individuals or entities in responses to these Interrogatories, it failed to provide any information with respect to the knowledge in their possession. Next, Plaintiff listed names of individuals and/or entities without their contact information. Plaintiff's Rule 26 Disclosures were similarly deficient in this regard and excluded potential witnesses that were listed in Plaintiff's responses to Hanover's Interrogatories. Lastly, Plaintiff stated the following in one of its Interrogatory responses: "[a]s needed, contractors for refrigeration and air conditioning." A significant portion of the damages that are the subject of this lawsuit involve the HVAC system and refrigerators at the Premises. It is beyond question that the persons or entities that sold, installed and/or maintained these systems would have knowledge or information that is relevant to the claims and defenses in this Action. Despite Hanover providing notice to Plaintiff that its responses to these Interrogatories were deficient and several requests for Plaintiff to provide additional information, Plaintiff has, to date, failed to supplement its responses.

While we had hoped the parties could resolve these issues without the Court's intervention, it has become clear that it is not possible. As such, we respectfully request a conference with the Court on these issues in accordance with Your Honor's Individual Practices and Local Rule 37.2.

Honorable Philip M. Halper, U.S.D.J.
October 18, 2021
Page **5** of **5**

      We thank Your Honor for your attention to this matter and consideration of the Hanover's request.

                                                Respectfully submitted,

                                                */s/ Edward T. Hagan*

                                                EDWARD T. HAGAN

ETH:jls
Enclosures
cc:    Joseph E. Ruyack, III, Esq. (via ECF)