# FINAZZO COSSOLINI
# O'LEARY
# MEOLA & HAGER, LLC

Counsellors at Law

67 East Park Place
Morristown, NJ
Main (...)
Fax (...)
www.fi...

**Edward T. Hagan, Esq.**
edward.hagan@finazzolaw.com
Direct Dial: (973) 343-4983

January...

> The Court has reviewed this letter, as well as Plaintiff's letter dated January 12, 2022 (Doc. 26) and Defendant's response dated January 19, 2022 (Doc. 28). The Court will hold a telephonic conference on January 26, 2022 at 4:00 p.m. to address the discovery issues raised therein. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 25.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> January 20, 2022

**Via ECF**
Honorable Philip M. Halpern, U.S.D.J.
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

    Re:    **John Kalogiannis, individually and as principal of Deval Inc., d/b/a The Thruway Deli v. The Hanover Insurance Group, Inc.**
           <u>Civil Action No.: 7:20-cv-11089-PMH</u>

Dear Judge Halpern:

      As you know, this Firm represents Defendant, Hanover Insurance Company (improperly pled as The Hanover Insurance Group, Inc., and hereinafter referred to as "Hanover") in the above-referenced matter. As discussed below, in light of the fact that the discovery disputes persist despite having conferred with the Court on these issues, Hanover respectfully requests leave to file a motion to compel discovery or otherwise bar Plaintiff from asserting damages related to the property at issue.

      As you will recall, this matter involves a first-party insurance claim arising out of a fire loss to an insured premises that was leased by Plaintiff and operated as a deli. The parties sought a second extension of the existing discovery deadlines by joint letter dated September 16, 2021. As discussed therein, the parties were, at that time, near completion of written discovery and

Honorable Philip M. Halpern, U.S.D.J.
January 6, 2022
Page **2** of **4**

intended to begin depositions in the near term. However, there were several outstanding discovery disputes regarding Plaintiff's discovery responses which the parties were unable resolve that prevented the parties from moving forward with the remaining factual discovery.

The issues that existed at that time, and persist to date, are the following: (1) Plaintiff has failed to properly identify individuals with relevant knowledge about the factual issues implicated by this claim and (2) Plaintiff has failed to produce all documents that are responsive to Hanover's discovery demands. Plaintiff has failed to cure these deficiencies despite repeated requests by Hanover. Attach discovery deficiency letters that were attached to prior letter to court.

Hanover requested a pre-motion conference on the outstanding discovery disputes by letter to Magistrate Judge Andrew Krause dated September 16, 2021. *See* Dkt. No. 21. That request was denied for failure to follow this Court's Rules and Individual Practices. *See* Dkt. No. 22. Hanover renewed its request by letter to Judge Halpern dated October 4, 2021. *See* Dkt. No. 23. While Hanover attempted to file a joint letter in accordance with the applicable rules, Plaintiff was unwilling to participate. Nevertheless, a pre-motion conference was held on December 20, 2021.

During the December 20 conference, Hanover indicated that the discovery disputes remained outstanding. In response, opposing counsel represented that he believed the issues had been resolved by way of the deposition of Plaintiff. However, Hanover explained that this was simply not the case. Specifically, Plaintiff had failed to produce supplemental written discovery responses or documents, or even respond substantively to any of Hanover's correspondence on these issues. Moreover, the deposition testimony provided by Plaintiff revealed further deficiencies in Plaintiff's discovery responses. In particular, Plaintiff identified several individuals and entities that were not previously identified in either Plaintiff's interrogatory responses or its Rule 26 disclosures. In response to this testimony, Hanover requested that Plaintiff provide

Honorable Philip M. Halpern, U.S.D.J.
January 6, 2022
Page **3** of **4**

supplemental discovery immediately and, in particular, provide amended and properly certified interrogatory responses. *See* Exh. A.

Ultimately, the Court ordered Plaintiff to produce the emails relevant to certain requests contained in Hanover's First Request for the Production of Documents to Plaintiff and identify the HVAC and refrigeration contractors relevant to certain interrogatories contained in Hanover's First Set of Interrogatories by December 27, 2021. *See* Minute Entry for Discovery Hearing Held on December 20, 2021. In addition, the Court advised that if Plaintiff failed to comply with its direction, the Court would consider barring Plaintiff from asserting damages as to the property at issue.

Hanover received Plaintiff's supplemental discovery by email and attached letter of December 23, 2021. *See* Exh. B. This supplemental production is comprised of an updated written response to Hanover's First Request for the Production of Documents that states that there are no documents in Plaintiff's possession that are responsive to any of the Requests at issue and an amended response to Hanover's First Set of Interrogatories that identifies an individual named "Augie" who purportedly performed maintenance work at the subject property. However, Plaintiff's supplemental discovery wholly fails to cure the deficiencies.

In particular, Plaintiff has still failed to appropriately identify all individuals with relevant knowledge or information relating to the underlying claim in this action, and, more specifically, with respect to the HVAC and refrigeration systems that Plaintiff alleges were installed at the subject premises. As discussed above, Plaintiff provided deposition testimony about the individuals that installed the HVAC and refrigerator units – Andy Manmits of 901 Air Conditioning and Refrigeration. *See* Exh. C. This person nor the company he works for were included in Plaintiff's supplemental responses. Instead, Plaintiff represents that an individual

named Augie made repairs to the HVAC system, which is contrary to Plaintiff's own testimony approximately two weeks earlier and does not account for the refrigeration system. Moreover, Plaintiff further testified that there was an individual who was retained to assist in the preparation and/or calculation of the property damage claim that was not previously identified and was not included in Plaintiff's supplemental responses. *See* Exh. D. Finally, Plaintiff has again failed to properly certify the responses to Hanover's First Set of Interrogatories as required by F.R.C.P. 33(b)(5).

There is no dispute that the HVAC and refrigeration systems comprise a significant portion of Plaintiff's damages claim. As such, it is entirely unclear why Plaintiff has repeatedly failed to provide any information about these systems or the persons or entities that installed or maintained them. Moreover, Plaintiff has failed to identify an individual that by his own testimony was involved in the calculation of its property claim. This refusal constitutes an abject failure to adhere to even the most basic discovery obligations and a direct violation of this Court's order.

While we had hoped the parties could resolve these issues without the Court's intervention, it has become clear that it is not possible. As such, we respectfully seek leave to file a motion to compel discovery in accordance with Local Rule 37.2 or otherwise bar Plaintiff from asserting damages related to the property at issue.

We thank Your Honor for your attention to this matter and consideration of the Hanover's request.

Respectfully submitted,

*/s/ Edward T. Hagan*

EDWARD T. HAGAN

ETH: jls
Enclosures
cc: Joseph E. Ruyack, III, Esq. (via ECF)